UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILL CREEK MANAGEMENT AND REAL ESTATE SALES, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES LIABILITY INSURANCE COMPANY, <br><br> Defendant. | No. 1:24-cv-00984-KES-BAM <br><br> ORDER GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> (Doc. 19) |

### I. Background

Following the filing of a housing discrimination suit against plaintiff Mill Creek Management and Real Estate Sales, Inc. ("Mill Creek"), Mill Creek filed this action in state court against defendant United States Liability Insurance Company ("USLIC"), alleging that USLIC breached its insurance agreement with Mill Creek by refusing to defend Mill Creek in the underlying lawsuit. *See* Doc. 1; Doc. 8 ("FAC") ¶¶ 1–38. USLIC removed the case to this Court on August 19, 2024. Doc. 1. Mill Creek asserts that, even if the express terms of the insurance agreement did not obligate USLIC to defend it, certain representations made by USLIC did. *See* FAC ¶¶ 1–38. Prior to the issuance of a scheduling order in this case, USLIC filed a motion for summary judgment on December 27, 2024, seeking judgment on all of Mill Creek's claims:

1

1  breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, negligent
2  misrepresentation, and reformation.  *See* Doc. 17 ("MSJ") at 17–26.
3      Mill Creek now moves for an extension of time to file an opposition to USLIC's motion
4  for summary judgment pursuant to Local Rule 144(c).  Doc. 19 ("Mot. Continuance").
5  Alternatively, Mill Creek requests an even lengthier continuance pursuant to Federal Rule of
6  Civil Procedure 56(d) because, it asserts, it has not had the opportunity to take discovery
7  necessary to oppose the motion for summary judgment.  *See* Mot. Continuance.  USLIC filed an
8  opposition.  Doc. 22.

9  **II.    Discussion**

10     For good cause shown, the Court grants Mill Creek's request to extend time to file its
11 opposition to USLIC's motion for summary judgment.  Mill Creek's opposition shall be due by
12 February 18, 2025.  Mill Creek's request for a Rule 56(d) continuance to seek further discovery is
13 denied without prejudice to Mill Creek establishing a basis for such a continuance in its
14 opposition filings.
15     Rule 56(d) allows a nonmoving party to request additional time to take discovery
16 necessary to oppose a motion for summary judgment.  Fed. R. Civ. P. 56(d).  Rule 56(d) provides
17 that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot
18 present facts essential to justify its opposition, the court may: (1) defer considering the motion or
19 deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any
20 other appropriate order."  *Id.*   Rule 56 operates as "a device for litigants to avoid summary
21 judgment when they have not had sufficient time to develop affirmative evidence."  *United States*
22 *v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).  "The purpose of Rule 56(d) relief
23 is to prevent the nonmoving party from being 'railroaded' by a summary judgment motion that is
24 filed too soon after the start of a lawsuit for the nonmovant to properly oppose it without
25 additional discovery."  *Hollyway Cleaners & Laundry Co., Inc. v. Cent. Nat'l Ins. Co. of Omaha,*
26 *Inc.*, 219 F. Supp. 3d 996, 1003 (C.D. Cal. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317,
27 326 (1986)); *see also Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 751 (9th Cir. 2001) ("Rule
28

56[d] thus protects parties from a premature grant of summary judgment.").

Mill Creek argues that it is entitled to discovery on several of its claims and affirmative defenses. Ex Parte Application at 7–12; Doc. 19-1 ("Wilkins Decl.") ¶¶ 7–9.  For example, Mill Creek asserts, it is entitled to seek discovery on the affirmative defense of waiver. *Id.* at 10–11; Wilkins Decl. ¶ 7.

The doctrine of waiver may apply to an insurance contract, such as Mill Creek's agreement with USLIC.  *See Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 9 (Cal. 1995). The California Supreme Court has articulated that

> [w]aiver is the intentional relinquishment of a known right after knowledge of the facts. The burden is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and doubtful cases will be decided against a waiver. The waiver may be either express, based on the words of the waiving party, or implied, based on conduct indicating an intent to relinquish the right.

*Id.*  "[W]aiver is an affirmative defense [in the insurance context], for which the insured bears the burden of proof. . . ."  *Waller*, 11 Cal.4th at 8.

As framed, Mill Creek's claim for breach of contract may depend on whether USLIC waived its right to rely upon the express provisions of the insurance policy. *See* FAC ¶¶ 6–8, 39–43.  Mill Creek indicates that, in opposition to the motion for summary judgment, it will seek to prove that USLIC waived that right because USLIC's agents allegedly made assurances that could constitute waiver. *See* Ex Parte Application at 10–11.  Courts often grant Rule 56(d) motions when a party seeks to discover communications that might establish waiver. *See, e.g.*, *Great Am. Assurance Co. v. Bishop*, No. 18-cv-03630-JSC, 2018 WL 5776270, at *2–3 (N.D. Cal. Nov. 2, 2018).

However, Mill Creek's motion and its accompanying attorney affidavit do not identify the alleged representations that USLIC's agents made to Mill Creek and on which Mill Creek relied. *See* Wilkins Decl. ¶ 7.  Mill Creek argues that "discovery should be allowed so that Mill Creek can determine if assurances were made by USLIC's authorized agents before the loss for which USLIC could be deemed to have waived the right to rely on the limitations upon which its present motion is based."  Mot. Continuance at 11.  If USLIC's agents made such assurances, Mill Creek

3

1  should be able to describe them and to identify the additional facts it seeks through discovery.  To
2  satisfy Rule 56(d), Mill Creek "must show [that]: (1) it has set forth in affidavit form the specific
3  facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after
4  facts are essential to oppose summary judgment."  *Family Home & Fin. Ctr., Inc. v. Fed. Home*
5  *Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).  "Failure to comply with these
6  requirements 'is a proper ground for denying discovery and proceeding to summary judgment.'"
7  *Id.* (quoting *Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772,
8  779 (9th Cir. 1998)).  Mill Creek has not yet sufficiently identified the facts it seeks from further
9  discovery, so its request for a continuance pursuant to Rule 56(d) is DENIED without prejudice.[1]

### III.  Conclusion and Order

For good cause shown, Mill Creek's request for an extension of time is GRANTED, and its opposition to USLIC's motion for summary judgment is due by February 18, 2025.  In that opposition, among any other arguments, Mill Creek may "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).  USLIC's reply is due by March 4, 2025.  The hearing on the motion for summary judgment is RESET to March 17, 2025, at 1:30 p.m. in Courtroom 6.

The parties are further ordered to meet and confer by February 10, 2025, to attempt to reach an agreement as to what discovery, if any, is warranted prior to the completion of briefing

---

[1]  USLIC argues that further discovery is unnecessary on certain other claims, like the misrepresentation claim, because USLIC's arguments present a purely legal issue.  To show misrepresentation, Mill Creek must establish, among other things, that it justifiably relied on USLIC's allegedly false representations.  *See Borman v. Brown*, 273 Cal. Rptr. 3d 868, 879 (Cal. Ct. App. 2021) ("The elements of a negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." (internal quotations omitted)).  USLIC's arguments as to misrepresentation are thus "premised on the fact that Mill Creek's purported reliance on the representations pled in its complaint was *unjustifiable as a matter of law*. . . ."  Doc. 22 at 6 (emphasis in original); *see* MSJ at 23–25.

As stated above, Mill Creek may oppose the motion for summary judgment on the grounds that it cannot show facts necessary to justify its opposition, but it must show specifically what facts further discovery might elicit, as well as why those facts would preclude the Court from resolving certain claims, like the misrepresentation claim, as purely legal issues.

on the motion for summary judgment. If the parties reach such an agreement, they may submit a stipulation and proposed order setting out such deadlines and continuing the deadlines on the motion for summary judgment.

IT IS SO ORDERED.

    Dated:   January 31, 2025

UNITED STATES DISTRICT JUDGE